ROBERT P. DUDUGJIAN (SBN: 070707)
DUDUGJIAN & MAXEY
A Law Corporation
13 SierraGate Plaza, Building B
Roseville, California 95678-6602
Telephone: (916) 786-7272
Facsimile: (916) 786-7306

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELINE S. GREENWELL,<br>    Plaintiff,<br><br>vs.<br><br>RONALD STREMEL GREENWELL, et. al.<br><br>    Defendants. | Case No. CIV-S-04-2205 MCE GGH<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

The parties to this action acknowledge and agree that certain information subject to discovery in this case may contain privileged, private, confidential and/or other personal information, which, if divulged, could infringe on a statutory and/or constitutionally protected right of privacy. Subject to and without waiving any objections any party may have as to the discoverability of any information, the parties, by and through their respective counsel, hereby stipulate and agree that documents and information produced during the course of discovery in this matter shall be protected against inappropriate disclosure in accordance with the following terms and conditions:

1.      Scope of Protective Order. This Protective Order shall govern all materials produced by the

STIPULATION FOR PROTECTIVE ORDER AND ORDER               1

parties to this action in response to any discovery request in this action, including discovery produced by the parties prior to entering into this agreement (including, but not limited to, documents and deposition transcripts) and all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material") and all documents that are the subject of subpoenas directed to third parties. Included within the scope of this Stipulation is the discovery and/or pleading specifically referenced herein.

2. <u>Non-Party Discovery Material</u>. This Protective Order shall govern all Discovery Material subject to production during discovery by any non-party pursuant to subpoena. In signing this stipulation, the parties consent and authorize any party to this stipulation to issue subpoenas concerning the medical records of Adeline S. Greenwell for the period of January, 2002 to the present. The consent and authorization shall include any consent and/or authorization as may be required by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, sections 261-264, 110 Stat. 1936 (Aug. 21, 1996), and 45 C.F.R. section 164.512 (e)(1)(I), or any similar state law. Further, the parties may present this stipulation and order to third parties subject to subpoenas as authorization for release of medical records in accordance with HIPAA and/or state law requirements. The parties further agree and stipulate that the order signed by the court approving this stipulation reflects authorization of the court for disclosure of the subject medical records pursuant to a duly issued subpoena without the need for further court orders for each subpoena issued.

3. <u>Designation of Material As Confidential</u>. Designation of Discovery Material containing CONFIDENTIAL DISCOVERY MATERIAL shall be made by stamping the legend "Confidential - Subject to Protective Order" or "Confidential" on the document. Multi-paged CONFIDENTIAL DISCOVERY MATERIAL that is bound together need only be so designated on the first page. If the CONFIDENTIAL DISCOVERY MATERIAL cannot be so labeled, it will be designated CONFIDENTIAL in some other conspicuous manner. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to opposing counsel.

STIPULATION FOR PROTECTIVE ORDER AND ORDER     2

4. <u>Designation of Confidential Deposition Testimony</u>. Deposition testimony containing CONFIDENTIAL DISCOVERY MATERIAL may be designated CONFIDENTIAL by an indication on the record at the deposition, or by written notice of specific pages and lines of testimony within thirty (30) days after receipt of the transcript of the deposition that the testimony is CONFIDENTIAL and subject to the provisions of this Protective Order. Each party shall attach a copy of such written notice to all copies of the deposition within its possession, custody, or control.

5. <u>Disclosure of CONFIDENTIAL DISCOVERY MATERIAL</u>. All CONFIDENTIAL DISCOVERY MATERIAL, may be used solely for the purpose of this litigation and not for any business or other purpose. CONFIDENTIAL DISCOVERY MATERIAL may be disclosed only to the following persons:

    a. Retained attorneys and staff for any party who are engaged in litigating this action and the employees of such attorneys;

    b. Persons not employees of any party who serve as experts or consultants ("outside experts") to assist such party's counsel in the preparation of this action for trial, including, but not limited to, auditors, accountants, statisticians, economists, attorneys and other experts, and the employees of such persons;

    c. A party, or principals, officers, employees, agents or representatives of any party whose assistance or consultations is required by counsel in connection with the prosecution or defense of this action;

    d. Court reporters and court personnel, including, but not limited to, jurors; and

    e. Potential witnesses in connection with this litigation.

No CONFIDENTIAL DISCOVERY MATERIAL may be disclosed to any person identified in subparagraphs (b) and (c) until he or she reviews this Protective Order and either executes a written agreement in the form attached hereto as Exhibit A or agrees on the record at a deposition to be bound by its terms. In the event that the person executes the written agreement, the counsel disclosing the CONFIDENTIAL DISCOVERY MATERIAL shall maintain the executed written

STIPULATION FOR PROTECTIVE ORDER AND ORDER    3

agreement and produce it to the opposing party only by order of the Court for good cause shown.

6. <u>Challenge to Designation of CONFIDENTIAL DISCOVERY MATERIAL</u>. If any party should conclude that particular discovery material should not be treated as Confidential Discovery Material, then it may so notify the producing party in writing and state the basis for that conclusion. With seven (7) days of its receipt of that notice, the producing party shall notify the other party in writing whether it requires that the material continue to be treated as CONFIDENTIAL DISCOVERY MATERIAL as specified in this Protective Order. If the parties are unable to reach agreement regarding the status of that material, then the parties shall continue to treat it as CONFIDENTIAL and to use the material only in the manner authorized by this Protective Order unless and until the Court rules that the material may be treated otherwise. The party challenging the designation shall have the burden of bringing a motion to challenge a designation but the party asserting the designation shall bear the burden of establishing the need to maintain the material as CONFIDENTIAL DISCOVERY MATERIAL.

7. <u>No Restriction on Material Independently Obtained Or Publicly Available Material</u>. Nothing in this Protective Order shall be deemed in any way to restrict the use of documents or information that are lawfully obtained or publicly available to a party independently from formal discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated as CONFIDENTIAL DISCOVERY MATERIAL.

8. <u>Exemption for Authors and Recipients of Confidential Documents</u>. Nothing in this Protective Order shall be deemed to prohibit disclosure of any document designated "CONFIDENTIAL" to such persons as appear on the face of the document to be its author or a recipient.

9. <u>No Waiver of Objections</u>. Nothing in this Protective Order shall constitute a waiver of a party's right to object to the production of Discovery Material on privacy, attorney-client privilege, attorney work product, relevancy, or other grounds when a party deems such an

STIPULATION FOR PROTECTIVE ORDER AND ORDER     4

objection to be necessary or appropriate, or to demand more stringent restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains particularly sensitive information.

10. <u>No Limitation on Party's Use of Own Discovery Material</u>. Nothing in this Protective Order shall limit or affect the right of a party to disclose or to authorize disclosure of Discovery Material Produced by that party.

11. <u>Modification of This Protective Order</u>. Any party may apply to the Court for modification of this Protective Order at any time. Nothing in this Protective Order shall preclude the parties from agreeing to amend or modify this Protective Order or from agreeing to extend it to other legal proceedings between some or all of the parties, so long as any such agreement (I) is in writing, and (ii) applies to Confidential Discovery Material that was produced by the signatories to such an agreement. The closure of trial proceeding and sealing of the record of a trial are not covered by this Protective Order. These issues may be taken up upon the motion of any party or at the pre-trial conference.

12. <u>Post-Litigation Treatment of CONFIDENTIAL DISCOVERY MATERIAL</u>. No later than thirty (30) days after the unappealed or unappealable final resolution or settlement of this litigation, any person or entity possessing any CONFIDENTIAL DISCOVERY MATERIAL shall return all such CONFIDENTIAL DISCOVERY MATERIAL, including all copies, extracts and summaries, to the producing party; or, in lieu thereof, shall certify in writing that all CONFIDENTIAL DISCOVERY MATERIAL has been destroyed; except that counsel of record may retain for their files copies of any paper served or filed in this litigation, including portions of any such papers that contain or disclose CONFIDENTIAL DISCOVERY MATERIAL.

13. <u>Continuing Effect Of This Protective Order</u>. Neither the termination of this litigation nor the termination of employment of any person who had access to any CONFIDENTIAL DISCOVERY MATERIAL shall relieve any person from the obligations of maintaining both

STIPULATION FOR PROTECTIVE ORDER AND ORDER     5

the confidentiality and the restrictions on use of anything disclosed pursuant to this Protective Order.

14. <u>Stipulation and Order.</u> The parties agree to submit this Stipulation and Order for entering by the Court and to be bound by its terms prior and subsequent to entry by the Court.

DATED: September 23, 2005                     DUDUGJIAN & MAXEY
                                              A Law Corporation


                                       By:    /s/ Edward A. Smith
                                              EDWARD A. SMITH
                                              Attorneys for Defendants


DATED: September 21, 2005                     MORRIS, REATEGUI, PLLC


                                       By:    /s/ Richard W. Morris
                                              Richard W. Morris,
                                              Attorneys for Plaintiff

<u>**ORDER**</u>

Upon the stipulation of the parties, and good cause appearing therefor, IT IS SO ORDERED.

Dated: Sep. 26, 2005

**GREGORY G. HOLLOWS**
UNITED STATES ~~DISTRICT COURT~~ Magistrate JUDGE

Notwithstanding any provision above, the parties must seek permission from the court to file documents under seal. Notwithstanding any provision above, this protective order does not purport to bind any other court.

STIPULATION FOR PROTECTIVE ORDER AND ORDER                          6