1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10
                              ----oo0oo----
11

12  ADELINE S. GREENWELL,
                                     NO. CIV. S 04-2205 MCE GGH
13           Plaintiff,

14       v.                          ORDER

15  RONALD STREMEL GREENWELL, an
    individual, RANDEE J. BRADY,
16  an individual; CARLA ROBBINS
    LEWIS, an individual,
17
             Defendant.
18
                              ----oo0oo----
19

20

21       The present action, commenced on October 18, 2004 by Adeline

22  S. Greenwell ("Adeline"), seeks an accounting for the Ralph A.

23  Greenwell and Adeline S. Greenwell Trust ("Trust"), created on or

24  about November 20, 1987.  Adeline further seeks reimbursement for

25  funds allegedly misappropriated from the Trust, and goes on to

26  assert claims for financial abuse and tortious conversion against

27  her son, Defendant Ronald S. Greenwell.

28       Adeline died on June 29, 2005.  Now before the Court is a

                                  1

1  motion filed on behalf of Adeline's daughter, Coral Lou Glenn-

2  Sehara ("Coral Lou").  Coral Lou asks, in the wake of her

3  mother's death, that she and the Marshall & Ilsley Trust Company

4  be substituted as Plaintiffs in this action  pursuant to Federal

5  Rule of Civil Procedure 25(a).[1]  Coral Lou argues that both she

6  and the trust company qualify as successors in interest, and can

7  be substituted as parties on that basis, because of a February

8  25, 2005 Amendment to the Greenwell Trust.  That Amendment

9  purports to appoint Coral Lou and the trust company as trustees

10 upon Adeline's death.

11     Rule 25(a) authorizes the court to order substitution of

12 parties, as appropriate, when one party dies and leaves

13 unextinguished claims in a pending proceeding.  In addition, Rule

14 17(b) provides that the capacity to sue, in a case like that now

15 before the Court,[2] will be determined by the law of the state in

16 which the district court sits.  The parties do not dispute that

17 California law applies here to assess the propriety of

18 substitution.

19     Coral Lou and the trust company rest their entire argument

20 on the propriety of the aforestated February 25, 2005 Trust

21 Amendment.  The propriety of that Amendment, however, is in

22

23     [1]All further references to "Rule" or "Rules" are to the
   Federal Rules of Civil Procedure unless otherwise noted.
24

25     [2]While Rule 17(b) indicates that the capacity of an
   individual to sue is generally determined by the law of that
26 individual's domicile, and while Coral Lou is apparently an
   Arizona resident, both she and the trust company seek
27 substitution in their representative capacities as successor
   trustees.  According to the Rule, that triggers analysis under
28 the residual portion of Rule 17(b), which applies, "in all other
   cases", the law of the state in which the district court is held.

1  dispute.   Prior to 2005, Coral Lou stood to inherit one-eighth of
2  twenty-five percent, or approximately 3.125 percent, of the
3  remainder Trust interest.   That distribution changed after
4  Adeline moved to Arizona to live with Coral Lou.

5      According to pertinent portions of Adeline's medical records
6  attached as Exhibit 3 to the present motion, Adeline was
7  diagnosed at age 90 as suffering from Alzheimer's-type dementia,
8  along with major depression, on November 23, 2004 by psychologist
9  Steven Savlov, Ph.D.  Dr. Savlov noted a "definite decline in
10 [Adeline's] cognitive and memory functioning" since an earlier
11 neuropsychological assessment done a little more than a year
12 earlier, on July 15, 2003, by Robert A. Allen, Ph.D.
13 Nonetheless, just two months later, Adeline executed the above-
14 described Amendment naming Coral Lou and the trust company as
15 successor trustees. (See Exhibit "7" to the moving papers).
16 Thereafter, on April 28, 2005, Adeline executed yet another
17 Amendment purporting to change Coral Lou's remainder trust
18 interest from 3.125 percent to 95.5 percent, and decreasing the
19 interest of her three siblings from 25 percent each to 1.5
20 percent. (See Opposition, Exhibit "B").  Adeline died soon
21 afterwards, on June 29, 2005.  Her death certificate indicates
22 the immediate cause of death as "Dementia- Alzheimer's Type".
23 (See Exhibit "1" to the moving papers).

24      Under California law, upon the death of a party, a court in
25 which an action has been earlier commenced "may make any order
26 concerning parties that is appropriate to ensure proper
27 administration of justice in the case...."  Cal. Code Civ. P.
28 377.33.  Here, in exercising that discretion, the Court

3

1   determines that it would be wholly inappropriate to permit Coral
2   Lou, and the trust company she is alleged to have selected, to
3   continue to prosecute a lawsuit against her siblings on the basis
4   of Trust Amendments executed under the questionable circumstances
5   enumerated above.  The very documents presented in support of
6   this Motion to Substitute suggest that Adeline was mentally
7   compromised by Alzheimer's disease at the time she is alleged to
8   have amended the terms of the Trust.  Defendants suggest that the
9   Trust Amendments at issue were the result of Coral Lou's undue
10  influence.  They go on to allege that a conflict of interest
11  would exist if Coral Lou were appointed as the representative
12  plaintiff in this lawsuit under those circumstances, and assert
13  that her appointment could result in a miscarriage of justice in
14  contravention of California Code of Civil Procedure 377.33.  The
15  Court agrees.

16      The Motion for Substitution of Parties is consequently
17  DENIED.[3]   The remainder beneficiaries of the Greenwell Trust, to
18  wit, Coral Lou and her siblings, Defendants Ronald S. Greenwell
19  and Carla Robbins, as well as Randee J. Brady, are directed to
20  jointly propose a neutral party to serve as the representative
21  plaintiff in this matter not later than thirty (30) days
22  following the date of this Order.  Said neutral party may not
23  include any potential beneficiary of the Trust, either in its
24  pre-2005 format or under the terms that presently are claimed to
25  exist.  If no such mutually acceptable candidate is proposed to

26

27      [3]Because oral argument would not be of material assistance,
    this matter was deemed suitable for decision without oral
28  argument.  E.D. Local Rule 78-230(h).

4

the Court within said period, the Court will select and appoint
an independent fiduciary (without further input from the
remainder beneficiaries) to serve as plaintiff, and will direct
the Trust to pay for the services of the fiduciary serving in
that capacity.


        IT IS SO ORDERED.


DATED: November 30, 2005


_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

5