UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADELINE S. GREENWELL,

        Plaintiff,

   v.

RONALD STREMEL GREENWELL, an individual, RANDEE J. BRADY, an individual; CARLA ROBBINS LEWIS, an individual,

        Defendants.

NO. 2:04-cv-2205-MCE-GGH

ORDER

----oo0oo----

Having received and reviewed Defendants' Motion for Relief from the Court's Order dated September 12, 2006, as well as the opposition thereto, and following review of the transcript of the Status Conference held in this matter on August 21, 2006, the Court finds that its September 12, 2006 Order does not comport with the instruction it gave, at the time of said Status Conference, that a Settlement Agreement signed by all parties be submitted not later than September 11, 2006. Consequently the Court determines, *sua sponte*, that its September 12, 2006 Order, as filed on September 13, 2006, shall be vacated and set aside.

1

The parties are directed to file a fully executed Settlement Agreement not later than November 14, 2006 for the Court's approval.  This matter remains set for further status conference on November 27, 2006 at 9:00 a.m. in the event a full settlement is not reached prior to that time.  As previously directed at the time of the August 21, 2006 hearing, all parties and counsel are required to be present at the time of the November 27, 2006 hearing should it prove necessary.  The parties are directed to file a joint status report with respect to all outstanding matters not later than November 17, 2006.  Following receipt of said joint status report, the Court will vacate the November 27, 2006 status conference as it deems appropriate.

Because the Court has itself determined that its September 12, 2006 Order was entered in error, and because that Order has now been set aside, the Court need not otherwise rule on Defendants' Motion for Relief from that Order and declines to do so.[1]  In addition, Defendants' Motion for Sanctions with respect to Plaintiff's submission of the September 12, 2006 Order to the Court is denied.[2]

///
///
///
///

---

[1] Because this Order renders Defendants' Motion for Relief essentially moot, Plaintiff's Motion to Continue the November 6, 2006 hearing on the Motion for Relief is also moot.

[2] Because oral argument will not be of material assistance on any of the motions presently pending before the Court in this matter, those motions are ordered submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

2

1  Finally, in finalizing the aforementioned Settlement
2 Agreement, the parties requested that this Court make findings as
3 to how much Coral Lou Sehara must reimburse the subject Trust for
4 fees previously paid by the Trust to Coral Lou, as well as the
5 timing of Coral Lou's reimbursement in that regard.  According to
6 Marshall & Ilsley Trust Company's Amended Accounting filed with
7 the Court on September 23, 2006, the fees paid to Coral Lou from
8 Trust A between October 4, 2005 and March 2, 2006 total
9 $37,720.00.  Because the parties agreed to rely on the numbers
10 provided by Marshall & Ilsley in that regard, and because
11 Defendants agreed to waive $6,000.00 of those fees, the total
12 amount to be reimbursed by Coral Lou to Trust A is $31,720.00.
13 Those monies may be paid by Coral Lou by way of offset from her
14 share of the final distribution of Trust assets.

  IT IS SO ORDERED.

DATED: November 3, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE